SPENCER　*v.*　GOODLETT.

*(Jackson.*　May　29,　1900.)*

1. FORMER SUIT PENDING. *What is.*

   The fact that a creditor has filed a general creditors' bill to wind up an insolvent estate may be interposed, by plea, to defeat the administrator's suit subsequently brought for the same purpose. (*Post, pp. 649–657.*)

2. SAME. *Same.*

   And it is sufficient, in such case, that the cardinal purpose and primary object of both bills is the administration of the insolvent estate; and not material that the creditor's bill seeks, in addition, to hold the administrator for a devastavit, or that the administrator's bill seeks to recover of the creditor a claim for usury exacted from the deceased. (*Post, pp. 654, 655.*)

3. GENERAL CREDITORS' BILL. *To wind up an insolvent estate.*

   It is not essential that the caption of a general creditors' bill, filed by a creditor to wind up an insolvent estate, should state that the administrator is sued in his representative capacity, but it is sufficient to aver that fact in the body of the bill. (*Post, p. 652.*)

4. SAME. *Joinder of heirs with creditors as complainants.*

   The joinder of adult heirs with a creditor as complainants, in a general creditors' bill to wind up an insolvent estate, is not objectionable, especially when the bill seeks to hold the administrator for mismanagement of the estate. (*Post, pp. 652–654.*)

   Cases cited: Dulles *v.* Read, 6 Yer., 53; Estes *v.* Johnson, 10 Hum., 223; Whittemore *v.* Johnson, 10 Hum., 610; Crabtree *v.* Niblett, 11 Hum., 488; Frazier *v.* Pankey, 1 Swan, 75; Jordan *v.* Maney, 10 Lea, 135; O'Connor *v.* Carver, 12 Heis., 436.

5. SAME. *Injunction.*

   In order that a general creditors' bill, filed by a creditor to wind up an estate after suggestion of its insolvency, shall operate

Spencer *v.* Goodlett.

as a former suit pending, to defeat a subsequent suit for the same purpose by the administrator, it is not essential that an order should have been passed declaring the first a general creditors' bill and awarding an injunction against other suits before the second bill was filed. (*Post, pp. 655–657.*)

Code construed: § 4072 (S.); § 3177 (M. & V.); § 2332 (T. & S.).

Case cited: Bank *v.* Hazelton, 15 Lea, 221.

---

## FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County. Jno. L. T. Sneed, Ch.

Pierson & Ewing for Spencer.

Shepherd & Myers and L. & E. Lehman for Goodlett.

McAlister, J. Complainant, who is the executor of the estate of his deceased father, R. W. Spencer, Sr., filed this bill on the 6th of May, 1899, for the purpose of having said estate administered as an insolvent estate. On the same day an order was made by the Chancellor at chambers declaring said bill a general creditors' bill, and ordering an injunction to issue restraining all suits and directing the Clerk and Master to make publication for the creditors of said estate, as required by law. On the 11th of May, 1899, defendants, J. E. Goodlett, W. B. Pace, Jennie

Pace, W. E. Cartwright, and Ella Cartwright, filed a plea of former suit pending. The Court, upon the hearing, sustained the plea and dismissed the bill. Complainant appealed and assigns as error the action of the Court in sustaining said plea of former suit pending.

The former suit alleged to have been pending was that of *J. E. Goodlett et al.* v. *R. W. Spencer et al.*, filed April 18, 1899.

The complainant, Goodlett, was a creditor of said estate, and filed said bill on behalf of himself and all other creditors, for the purpose of winding up said estate as an insolvent estate, and for the further purpose of having an accounting with R. W. Spencer, the executor of said estate. Mrs. Pace and Mrs. Cartwright, sisters of the executor, and devisees under the will of R. W. Spencer, Sr., deceased, were also parties complainant. The bill was framed with all proper allegations for a general creditors' bill and to administer an insolvent estate, and in addition it charged certain acts of mismanagement against the executor, alleging that he had not reported in his inventory, filed in the Probate Court of Shelby County, all the property of the decedent; that he purchased property of the estate at his own sale; that he collected rents of the estate and failed to account for the same, and failed to pay any of the debts of the estate; that he failed to pay the taxes on the real estate and allowed them to

Spencer v. Goodlett.

become delinquent; that he has embarrassed the administration of the estate by executing a deed of trust on his interest in the real estate to secure an individual debt, and that he is wholly insolvent. These were some of the allegations of the bill filed April 18, 1900, in the case of *J. E. Goodlett et al.* v. *R. W. Spencer et al.* It should also be stated that the bill filed on May 8, 1900, by R. W. Spencer against J. E. Goodlett contains all the allegations necessary for a general creditors' bill. It omits, of course, any charges against the executor of fraud and mismanagement contained in the first bill.

It will be observed that the relief asked in the first bill is much more comprehensive and far-reaching than the prayer of the second bill. But we perceive no reason why the executor could not obtain full relief in the first bill without resorting to a second bill and thereby onerating the estate with additional costs. The object of a general creditors' bill is to prevent a multiplicity of suits and the unnecessary accumulation of costs. Gibson's Suits in Chancery, Sec. 966.

The appellant contends that the dismissal of the second bill was erroneous, because,

(1) The former suit, pleaded as a bar to the second suit, was so defective that no decree could be rendered with the parties before the Court.

(2) The two bills, while having a common

object, do not embrace the same subjects and are not substantially for the same purpose.

(3) No order had been obtained declaring the first bill a general creditors' bill, and no injunction had been issued thereon at the time the second bill was filed.

The first objection is that R. W. Spencer, executor, was not sued in the first bill in his official capacity, but only as an individual. It is conceded that the name of R. W. Spencer as executor does not appear in the caption of the bill, but it is clear from the body of the bill that R. W. Spencer was sued both as an individual and in his official capacity. It is sufficient if the bill itself states the capacity in which the party is sued, and it is not necessary that it should be stated in the caption. Gibson's Suits in Chancery, Sec. 187; *Tate* v. *Shackleford,* 24 Ala., 510; 15 Am. & Eng. Enc. Pl. & Pr., 480.

It was also objected that two of the devisees under the will of R. W. Spencer, Sr., deceased, were joined with a creditor as complainants in the first bill, and that they should have been made parties defendant. It is insisted that this misjoinder of complainants rendered that bill fatally defective. Counsel cites Pritchard on Wills, Sec. 844, page 914—viz.: " When there is real estate which belonged to the deceased, the devisee or heirs, the widow and others interested therein must be made parties defendant, and cannot be joined

as complainants unless they are also creditors suing as such," citing *Frazier* v. *Pankney,* 1 Swan, 75. Again, the same author says, " The proceeding is one on the part of the representative or creditors against the heirs or devisees, and if they are not made defendants and properly brought before the Court as such, the sale will be void." Sec. 815, page 859, citing *Dulles* v. *Read,* 6 Yer., 53; *Estes* v. *Johnson,* 10 Hum., 223; *Whittemore* v. *Johnson,* 10 Hum., 610-613; *Crabtree* v. *Niblett,* 11 Hum., 488; *Frazier* v. *Pankey,* 1 Swan, 75; *Jordan* v. *Maney,* 10 Lea, 135-137. These cases but state the recognized rule that in proceedings under the Code by executors or administrators or creditors to subject the realty of the estate to the payment of debts, the heirs or devisees must be made parties, but it is not decided in any case cited that they must be made parties defendant. It is usual and customary to make such parties defendant; but where devisees are seeking to hold the executor liable for mismanagement, they may join with creditors who are seeking a sale of the realty descended to such heir or devisee.

In the case of *Frazier* v. *Pankey,* 1 Swan, 75, it was said that to a bill filed in the Chancery Court for the sale of land to pay the debts of an insolvent estate, the heirs or devisees should be made defendants, and that it is not sufficient for the bill to allege that it is filed by the ad-

ministrator for himself and on behalf of the heirs, mentioning their names. In that case it appeared the heirs had not been made parties at all. It was not a controverted question in that case whether said heirs should have been parties complainant or defendant, and no such question was decided.

The case of *O'Connor* v. *Carver*, 12 Heis., is not in point. In that case " the petition was filed by J. O'Connor, Rose and Margaret O'Connor (two minor heirs) appearing by their next friend, J. O'Connor." The Court held that this did not properly make the minors parties; that their interests were antagonistic to the administrator, who assumed to act for them, and that they should have been made defendants to the proceedings and represented by " guardian *ad litem*."

We have found no case in which it was held that the heirs or devisees must in all instances be made parties defendant, and that it invalidated the decree to make them parties complainant.

It is next argued that the two bills, while having a common object, do not embrace the same subjects and are not substantially for the same purpose. It is stated that Goodlett in the first bill is seeking to hold the executor for a devastavit; while the complainant, Spencer, in the second bill is seeking to recover from the said Goodlett usury claimed to be due from him to the estate of R. W. Spencer, Sr., deceased. While

Spencer *v.* Goodlett.

this is true, the cardinal purpose and primary object of both bills is the administration of the estate of R. W. Spencer, deceased, as an insolvent estate, and the sale of certain real estate. We see no reason why the executor, by cross bill in the first suit, could not recover the usury alleged against Goodlett. The first bill, while embracing the leading features of the second bill, also seeks to call the executor to account for his maladministration of the estate.

It is next argued that no order had been obtained declaring the first a general creditors' bill, and no injunction had been issued thereon at the time the second bill was filed.

Learned counsel cite Am. & Eng. Enc. Pl. & Pr., Vol. 5, pages 614-615—viz.: "The settled rule in respect to a creditors' bill for an administration of the assets of a decedent is that when a decree is made for an account of outstanding debts, the Court will by injunction interpose and prevent proceedings by other creditors, by bill or otherwise; but until a decree for an accounting and distribution of the assets has been made, another creditor may file a bill, and the decree may be made in the case which is first ripe." *Stephenson* v. *Traverners,* 9 Gratt., 398; *Innes* v. *Lansing,* 7 Paige N. Y., 583; *Jackson* v. *Leaf,* 1 Jacob & Walker, 229.

It will be observed that in the present case the two conflicting bills were not filed by cred-

itors; but the first bill was filed by a creditor and two devisees, while the second bill was filed alone by the executor.

The scope of the first bill was much broader than that of the second, but included all the features of the second as a general creditors' bill. But independent of the frame of this bill, a conclusive answer to the authorities cited by learned counsel is found in § 4072, Shannon's Code, viz.: " The suggestion of insolvency and advertisement thereof shall operate as an injunction in all cases against the bringing of any suit before any jurisdiction whatever against the administrator or executor of such insolvent estate." 13 Lea, 150.

It is recited in the first bill that insolvency of the estate of said R. W. Spencer, deceased, was duly suggested in the Probate Court of Shelby County, and it was not necessary that an injunction should in fact issue. So that the first bill is not defective for the reason that no injunction issued, since none was necessary after suggestion of insolvency.

In *Bank of Rome* v. *Hazleton,* 15 Lea, 221, it appeared that no order had been made that the bill be filed or stand as a general creditors' bill, nor was any order of publication made for creditors to appear and file their claims in said cause. It was held this was not a fatal objection to said proceeding as a general creditors' bill, inasmuch as creditors generally appear to have ac-

Spencer *v.* Goodlett.

cepted its offer and came in under it without such order or publication; that the defect at most is but an irregularity, and does not vitiate the proceedings.

There is no error in the decree, and it is affirmed, with costs.