Nancy Carol Nelms WILSON, as parent, natural guardian, custodian and next friend of Stephanie MacIntosh, a minor, 14 years old, Plaintiff–Appellant,

v.

P.T. GRANTHAM, Roland E. Howell, Walter Hastings, Frank Burnett, Paul Nelms, Hardeman County Bank, Bank of Bolivar, Merchants and Planters Bank, T.J. Weaver, Jr., and Yvonne M. Weaver, Defendants–Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 3, 1986.

Application for Permission to Appeal Denied by Supreme Court March 2, 1987.

James T. Sanderson, Bolivar, for appellant.

Robert V. Redding, Selmer, for Hardeman County Bank, Bank of Bolivar and Merchants and Planters Bank.

Robert Walker & Linda M. Crowch, Memphis, for appellees Howell, Hastings, & Burnett.

Lee M. Greer, III, Paris, for appellees T.J. Weaver, Jr. and Yvonne Weaver.

NEARN, Judge (Retired).

Plaintiff filed suit in the Chancery Court of Hardeman County and the Chancellor being of the opinion that the matter ought to be heard in Henry County dismissed the complaint. The plaintiff appeals from that dismissal insisting that the Hardeman County Chancery Court was the proper forum.

An understanding of our determination of the matter does not require a lengthy exposition of the facts. Suffice it to say that the minor plaintiff claims an interest in a note, payable in installments, once owned by defendant Nelms. The note was pledged to a defendant bank by Nelms as security for a loan. The note was pledged to a defendant bank by Nelms as security for a loan. The note was at one time being collected by a defendant bank. Other parties became judgment creditors of Nelms by virtue of having obtained judgment against him in a Henry County lawsuit. Execution was had in Henry County by the Nelms judgment creditors on the makers of the note when an installment became due. In December, 1986, the note itself was delivered to the Clerk of the Henry County Circuit Court by order of the Court to await further action of the Court. On January 8, 1986, at 12:30 p.m., the Garnishees (makers of the note) filed an Answer and Counter–Complaint of Interpleader in the Henry County case. By the interpleader, the Garnishees tendered payment on the note to the Court and sought to have plaintiff in the instant case as well as others joined as parties in the Henry County case in order to determine interests and obligations of the parties in regard to the note. On the same day, i.e., January 8, 1986, but at 1:30 p.m., the instant action was filed in Hardeman County seeking to have a decla-

ration of the interests of the parties declared as to the note being held in custodia legis in the Henry County litigation. On January 30, 1986, the Chancellor dismissed the Hardeman County case, the subject of this appeal, with leave in the plaintiff to file in Henry County. By our granting of a motion to consider post judgment facts, it now appears that the Circuit Court of Henry County has accepted the Interpleader, which Interpleader was in time filed prior to the complaint in this case, and all parties necessary for a determination of interest, rights and duties associated with the note in question are now before the Henry County Court.

For the purpose of the opinion we will assume that the fact that the note, ownership of which is the subject of this dispute, was in the hands of the Clerk of the Circuit Court of Henry County has no bearing on the matter and will presume that the Chancery Court of Hardeman County and the Circuit Court of Henry County had concurrent jurisdiction in this matter. *See* T.C.A. § 16–11–102, Counsel for appellant seems to argue that the Chancery Court of Hardeman County has some superior jurisdictional claim because the plaintiff is a minor and the fact that the Chancery Court has inherent jurisdiction regarding the rights of minors. *See* T.C.A. § 16–11–109. Be that as it may, such fact of minority and inherent concern would not deprive the Circuit Court of subject matter jurisdiction already possessed. Both Courts have jurisdiction, it is the rule in Tennessee that the Court which first acquires the matter, takes the exclusive jurisdiction to end the matter. *See Robinson v. Easter*, 208 Tenn. 147, 344 S.W.2d 365 (1961); *Tallent v. Sherrell*, 27 Tenn.App. 683, 184 S.W.2d 561 (1944); *Spencer v. Goodlett*, 104 Tenn. 648, 58 S.W. 322 (1900).

Since the Interpleader was filed in Henry County prior to the complaint in the case now before us, the Circuit Court of Henry County possessed exclusive jurisdiction from the filing of the Interpleader and the Chancellor of Hardeman County committed no error by dismissing the complaint.

The motion of the Banks to have this appeal declared frivolous is denied.

The result is that the judgment below is affirmed and costs of the appeal are adjudged against the appellant and surety.

CRAWFORD and FARMER, JJ., concur.