# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
July 11, 2001 Session

## JAMES ROBERT FERGUSON v. DEBBIE DEE WARREN

**An Appeal from the Chancery Court for Lake County**
**No. 4243-A     J. Steven Stafford, Chancellor**

---

### No. W2001-00217-COA-R3-CV - March 26, 2002

---

This case involves child visitation with a prison inmate. The child's father has been incarcerated since 1994 at the Northwest Correctional Facility in Lake County, Tennessee. The child resides with his mother in Weakley County, Tennessee. In 1997, the father filed a petition in the Lake County Chancery Court seeking an order requiring the child's mother to allow the father to communicate with his child. The mother failed to respond to the petition. In April 1999, the Lake County Chancery Court *sua sponte* dismissed the petition, finding that it should have been filed in Weakley County. This Court reversed, holding that lack of venue was a defense which was waived when the mother failed to respond. After the case was remanded, the mother sent a letter to the Lake County Chancery Court, advising that a paternity petition had been filed in the Weakley County Juvenile Court. Thereafter, the Lake County Chancery Court transferred the father's petition to the Weakley County Juvenile Court to be determined in conjunction with the paternity petition. The father now appeals the transfer of his petition. We affirm, finding that the trial court acted within its authority in transferring the case to a court with concurrent jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

James R. Ferguson, Tiptonville, Tennessee, pro se appellant.

Debbie D. Warren, Martin, Tennessee, pro se appellee.

**MEMORANDUM OPINION**[1]

This case involves child visitation with a prison inmate. Petitioner/Appellant James Ferguson ("Father") and Respondent/Appellee Debbie Warren ("Mother") are the unwed parents of two minor children. Father and Mother lived together until shortly before Father was convicted of two counts of aggravated sexual battery committed against his daughter, the oldest of the parties' two minor children. Since his conviction in 1994, Father has been incarcerated at the Northwest Correctional Facility in Lake County, Tennessee. His incarceration is expected to end in August 2006. Mother continues to live with the two minor children in Weakley County, Tennessee.

This case arises out of a petition filed by Father in September 1997 with the Lake County Chancery Court. In his petition, Father requested that the chancery court issue an order allowing him written and verbal communication with his minor son without Mother's interference. In January 1998 the chancery court issued an order which raised the issue of whether Lake County was the proper venue to hear the petition. At that time, Mother had not yet filed an answer to the petition. Consequently, the order also instructed Mother to answer the petition within thirty days of the date of the order. In a supplemental pleading, Father asserted that Lake County was the proper venue and that Mother's failure to file a response effectively waived the defense of improper venue. The chancery court disagreed and, *sua sponte*, dismissed the case for lack of proper venue by order dated April 16, 1999. On appeal this Court reversed, finding that, while Weakley County was the proper venue to hear the petition, Mother had waived the privilege of being sued in Weakley County by her failure to assert the privilege in a timely manner. *Ferguson v. Warren*, No. 02A01-9906-CH-00149, 1999 Tenn. App. LEXIS 851, at *4-5 (Tenn. Ct. App. Dec. 15, 1999).

After the case was remanded, the Lake County Chancery Court received Mother's response in the form of a letter asking that the court deny Father's petition and indicating that a petition to establish paternity of the child with whom Father sought to communicate had been filed in the Weakley County Juvenile Court ("juvenile court").[2] Thereafter, the chancery court, *sua sponte*,

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee States:

> This Court, with the concurrence of all judges participating in the case may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The paternity petition was actually filed by the State of Tennessee on Mother's behalf in order to allow the State to collect current and retrospective child support. *See State of Tennessee ex rel. Warren v. Ferguson,* No. W2000-02027-COA-R3-CV, 2001 Tenn. App. LEXIS 637 at * 2, (Tenn. Ct. App. Aug. 20, 2001). DNA tests were conducted which conclusively established Father's paternity and the juvenile court entered a default judgment ordering him to pay retrospective child support in the amount of $8623. *Id.* at *4. Father has not disputed his paternity; however, he did appeal that part of the juvenile court's order requiring him to pay retrospective child support arguing that the juvenile court erred in failing to consider his motion for the appointment of council or, alternatively, for an abeyance until his release from prison. *Id.* at *5-6. Father's appeal was successful and the case has been remanded to the juvenile

(continued...)

issued an order transferring Father's petition to the Weakley County Juvenile Court so that the issues raised in Father's petition could be determined in conjunction with the pending paternity matter. From this order transferring his petition to the juvenile court, Father now appeals.

On appeal, Father argues that the Lake County Chancery Court erred in transferring the case to the Weakley County Juvenile Court. Father argues that the Lake County Chancery Court retained jurisdiction over Father's petition to the exclusion of other courts of concurrent jurisdiction, and that the Lake County Chancery Court did not have the authority to transfer Father's petition in the absence of statutory authority. In the alternative, even if the Lake County Chancery Court had the authority to transfer Father's petition, Father argues that it erred in finding that the parties would suffer no prejudice by the transfer and that a transfer would be the best and most economical use of judicial resources.

The first two issues raised by Father are questions of law and, therefore, will be reviewed *de novo* with no presumption of correctness. ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996). Father first argues that the Lake County Chancery Court first obtained jurisdiction and therefore retained it throughout the resolution of the case. ***See Wilson v. Grantham***, 739 S.W.2d 776, 777 (Tenn. Ct. App. 1986). Under the rule of "priority and retention of jurisdiction," the Lake County Chancery Court could retain jurisdiction. ***See*** 21 C.J.S. *Courts* § 188 (1990). However, Father points to no authority prohibiting the court which has priority of jurisdiction from transferring the case to a court which also has jurisdiction. This argument is without merit.

Father also argues that the Lake County Chancery Court lacked statutory authority to transfer the case. In support of his argument, Father relies on the Tennessee Supreme Court's holding that "trial courts do not possess the inherent authority to transfer cases in the absence of statutory authority." ***Norton v. Everhart***, 895 S.W.2d 317, 320 (Tenn. 1995). However, in ***Norton***, the Court addressed the issue of whether a trial court which lacks subject matter jurisdiction over a case may transfer the case to the correct court rather than dismiss it for lack of jurisdiction. The Court stated that "[t]he general rule governing transfer is that a court lacking subject matter jurisdiction over a case has no authority to transfer it, unless that authority is specifically conferred by statute, rule, or constitutional provision." ***Id.*** at 319 (citing 21 C.J.S. *Courts* § 195 (1990)). Thus, the holding in ***Norton***, is applicable only where the transferring court lacked subject matter jurisdiction over the case. In this case, the Lake County Chancery Court clearly had jurisdiction to hear Father's petition. The chancery court has jurisdiction "to act in relation to the property and the other interests of minors." ***Stambaugh v. Price***, 532 S.W.2d 929, 932 (Tenn. 1976); Tenn. Code Ann. § 16-11-109 (1994). Again, Father cites no authority preventing a transferring court with subject matter jurisdiction over the case from transferring the case to another court with jurisdiction. Therefore, this issue is without merit.

---

[2](...continued)
court for consideration of his pre-trial motions.

Finally, Father argues that the Lake County Chancery Court erred in finding that the parties would not be prejudiced by the transfer of the case and that a transfer would be the most economical use of judicial resources. As noted above, the chancery court has jurisdiction over the persons and estates of minors. However, the juvenile court has exclusive jurisdiction to establish the paternity of a minor child born out of lawful wedlock and to provide for support and the education of the child. Tenn. Code Ann. § 37-1-103(a)(2) (2001). Moreover, in establishing paternity in such cases, the juvenile court is required to make determinations regarding visitation and parental access. Tenn. Code Ann. § 36-2-311(a)(10) (2001).[3] Therefore, in this case, the juvenile court was clearly in the better, if not exclusive, position to determine all issues related to Father's paternity, including support and visitation. *See* 21 C.J.S. *Courts* § 188 (1990) (finding that it is necessary that a court with priority jurisdiction be in a position to determine the whole controversy and to settle all the rights of the parties; otherwise another court which does have jurisdiction over the entire case may take jurisdiction). Father points to no prejudice to him caused by transferring the case to another court with jurisdiction. Therefore, even though the Lake County Chancery Court was the first to take jurisdiction of the case, it was within its discretion to transfer the case to the Weakley County Juvenile Court where the Weakley County Juvenile Court had exclusive jurisdiction over the paternity and support issues, and also has jurisdiction over the visitation issues. Accordingly, we find no error in the Lake County Chancery Court's order transferring the case to the Weakley County Juvenile Court.

The decision of the trial court is affirmed. Costs are taxed to the appellant, James Ferguson, and his surety for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE

---

[3] Although an argument might be made that visitation is within the exclusive jurisdiction of the juvenile court as a corollary to its exclusive jurisdiction to establish parentage, *See Hearne v. Hearne,* No. 151, 1988 Tenn. App. LEXIS 582, at *7 (Tenn. Ct. App. Sep. 26, 1988) (finding that "because the Juvenile Court had taken jurisdiction of the minor child all orders relative to the child, including support, were within the exclusive jurisdiction of the Juvenile Court"), neither the parties nor the courts involved have raised the issue of whether the chancery court was deprived of its subject matter jurisdiction once the parentage petition was filed in the juvenile court.