IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 21, 2018 Session

## VALENEN COLLINS v. SAMS EAST INC.

**Appeal from the Circuit Court for Shelby County**
**No. CT-003667-16  Rhynette N. Hurd, Judge**

_____

**No. W2017-00711-COA-R3-CV**

_____

Appellant appeals the dismissal of this action on the ground of res judicata. We hold that an essential element of res judicata—that the underlying judgment was rendered by a court of competent jurisdiction—is not met in this case. Here, the court that rendered the judgment relied upon lacked subject matter jurisdiction due to the doctrine of prior suit pending. The trial court's judgment of dismissal is therefore reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, P. J.,W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, P.J., M.S., and BRANDON O. GIBSON, J., joined.

John R. Johnson, Memphis, Tennessee, for the appellant, Valenen Collins.

Russell E. Reviere and W. Christopher Frulla, Memphis, Tennessee, for the appellee, Sams East, Inc.

## OPINION

### BACKGROUND

This appeal requires consideration of two separate actions, both of which were originally filed in Shelby County General Sessions Court. The first action was filed on November 20, 2013 ("First Case"), alleging that Plaintiff/Appellant Valenen Collins ("Appellant") was injured at the premises owned by Defendant/Appellee Sams East, Inc. ("Appellee"). The First Case was set for trial on January 13, 2014, but a judgment of

dismissal without prejudice was entered the same day when Appellant did not appear. Appellant thereafter retained counsel, who filed a motion to set aside the dismissal of the First Case on January 23, 2014. Appellee responded in opposition to the motion, but the motion was not immediately adjudicated by the general sessions court.

On February 18, 2015, Appellant filed a second civil warrant in the Shelby County General Sessions Court alleging the same cause of action ("Second Case"). The Second Case alleged that the First Case was dismissed by final order on February 19, 2014, apparently due to an incorrect notation by the general sessions court clerk. Eventually, a trial occurred in the Second Case, and the general sessions court rendered a verdict for the defense.[1] Appellant appealed the Second Case to the circuit court; the circuit court entered an order on May 27, 2016, dismissing the Second Case based upon the expiration of the statute of limitations. According to Appellant, after learning that the motion to set aside in the First Case had yet to be adjudicated, Appellant filed a motion to alter or amend the judgment in the Second Case, which was eventually denied by the circuit court.[2] No appeal was taken from the trial court's ruling in the Second Case.

Following the dismissal of the Second Case, Appellant returned to the First Case and requested that the general sessions court rule on the motion to set aside. The motion was eventually heard on August 24, 2016. On the same day, the general sessions court denied the motion. The following day, Appellant filed an appeal of the First Case to the circuit court. Appellee thereafter filed a motion to dismiss on the basis of res judicata, arguing that the issues sought to be litigated in the First Case had been previously decided by final order in the Second Case. Appellant responded that the trial court in the Second Case lacked subject matter jurisdiction to decide the case because of prior suit pending, thereby negating an essential element of the doctrine of res judicata.

The trial court granted the motion to dismiss on the basis of res judicata. The trial court specifically found that the doctrine of prior suit pending did not apply because the First Case was final at the time the Second Case was filed because the motion to set aside filed in the First Case did not affect the finality of the judgment or suspend its operation. Appellant thereafter filed a timely appeal to this Court.

---

[1] It does not appear that any proof was presented at the trial.

[2] This motion and the order of denial are not included in the record on appeal, as neither was attached to Appellee's later motion to dismiss on the basis of res judicata. Nevertheless, both Appellee's motion to dismiss and Appellant's brief state that a motion to alter or amend the circuit court's ruling in the Second Case was filed and denied. As such, the parties do not dispute that a final judgment was rendered in the Second Case. *See generally* **Jackson v. Smith**, 387 S.W.3d 486, 493 (Tenn. 2012) (holding that res judicata may be found in the absence of a properly supported petition where the parties concede that a final judgment exists).

2

## ISSUES PRESENTED

Appellant raises three issues on appeal, which are taken from her brief and slightly restated:

> 1.  Did the trial court err in granting Appellee's motion to dismiss Appellant's appeal from general sessions court based upon the principle of res judicata?
>
> 2.  Did the trial court err in failing to recognize that the doctrine of prior suit pending bars the second suit between the parties?
>
> 3.  Did the trial court err in finding that the motion to set aside dismissal did not operate to toll the time within which an appeal could be filed to circuit court, where Tennessee Code Annotated section 16-15-727 specifically provides that the time for appeal is tolled during the pendency of the motion?

In response, Appellee asserts that Appellant's challenge to the dismissal is waived and that this appeal is frivolous.

## ANALYSIS

This appeal concerns the trial court's decision to dismiss Appellant's case based upon the doctrine of res judicata. "A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (citing *In re Estate of Boote*, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005)). In order to determine whether res judicata is applicable in this case, we must also consider the doctrine of prior suit pending. Like res judicata, the applicability of the prior suit pending doctrine is a question of law that we review de novo on the record, with no presumption of correctness regarding the trial court's judgment. *Wiley v. Williams*, No. E2005-02518-COA-R3-CV, 2006 WL 929264, at *4 (Tenn. Ct. App. Apr. 10, 2006) (citing *Fidelity & Guaranty Life Ins. Co. v. Corley*, No. W2002-02633-COA-R9-CV, 2003 WL 23099685 at *3 (Tenn. Ct. App. Dec. 31, 2003)).

Here, the trial court concluded that the First Case was barred by the final resolution on the merits of the Second Case under the doctrine of res judicata. In order to establish the defense of res judicata, the party asserting the defense must show:

> (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

*Jackson*, 387 S.W.3d at 491 (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)). The parties do not dispute that the First Case and Second Case shared the same parties and claims or that the judgment in the Second Case was final and on the merits. *See generally **Hippe v. Miller & Martin, PLLC**,* No. M2014-01184-COA-R3-CV, 2015 WL 2257175, at *3 (Tenn. Ct. App. May 12, 2015), *perm. app. denied* (Tenn. Sept. 16, 2015) (holding that a dismissal on the ground of the expiration of the statute of limitations was an adjudication on the merits). Rather, it appears that the only dispute in this case regarding the applicability of the doctrine of res judicata concerns whether the underlying judgment sought to have preclusive effect "was rendered by a court of competent jurisdiction." *Jackson*, 387 S.W.3d at 491. *Black's Law Dictionary* defines "competent jurisdiction" as "[a] court's power to decide a case or issue a decree[.]" *Black's Law Dictionary* 927 (9th ed. 2009); *see also **Lien v. Couch***, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998) (quoting *Restatement (Second) of Judgments* § 26(1)(c) cmt. c (1982) (noting that the general rule against relitigation of a claim is inapplicable when there were "formal barriers" that prevent adjudication of all the parties' claims in the court whose judgment is sought to bar subsequent litigation))

As an initial matter, Appellee asserts that any argument that the doctrine of res judicata is inapplicable is waived in this appeal where Appellant failed to properly brief this issue. Tennessee courts have held that where a party raises an issue, but fails to argue that issue in the body of its appellate brief, "fails to develop an argument in support of [its] contention[,] or merely constructs a  skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Supreme Court,*** 301 S.W.3d 603, 615 (Tenn. 2010). We agree with Appellee that Appellant's brief is not a model of clarity, nor does it contain specific references to the res judicata elements in its argument section. We note, however, that the clear import of Appellant's brief is that the trial court erred in applying the doctrine of res judicata where the court in the Second Case lacked subject matter jurisdiction over the action due to the doctrine of prior suit pending.[3] Appellant's brief contains appropriate citations to legal authority regarding prior suit pending and references to the record on appeal in support of its argument. *See generally* Tenn. R. App. P. 27(a) (outlining the requirements for appellant's briefs). As such, Appellant's argument, while not well pleaded, is sufficiently cogent to allow appellate review, in light of the fact that this case involves only a single legal issue and a single technical record, as well as implicates issues of subject matter jurisdiction. *See **Johnson v. Hopkins***, 432 S.W.3d 840, 844 (Tenn. 2013) (citing ***In re Estate of Trigg***, 368 S.W.3d 483, 489 (Tenn.

---

[3] For example, Appellant's brief states: "[T]he previous ruling upon which [Appellee] relies to support his contention of res judicata, was in fact made in a case which had erroneously been filed and as to which there was a prior action pending. The Circuit Court lacked subject matter jurisdiction, and the case should have been dismissed[.]" Although reply briefs are not substitutes for initial briefs, we also note that Appellant clarifies his argument in his reply brief.

2012)) ("[S]ubject matter jurisdiction is a threshold inquiry, which may be raised at any time in any court."). We therefore proceed to address the merits of this appeal.

As we perceive it, Appellant contends that res judicata is not applicable in this case because the court presiding over the Second Case lacked subject matter jurisdiction over the matter where a prior suit involving the same subject matter and parties was pending in another court. Obviously, this argument implicates the doctrine of prior suit pending. Prior suit pending involves four essential elements:

> 1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties; 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties.

*West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 623 (Tenn. 2008) (footnote omitted) (citing *Cockburn v. Howard Johnson, Inc.*, 215 Tenn. 254, 385 S.W.2d 101 (Tenn. 1964)). "The doctrine of prior suit pending invokes whether a court has subject matter jurisdiction to hear a suit." *Haggard v. Aguilar*, No. 2009-02452-COA-R3-CV, 2010 WL 4962884, at *2 (Tenn. Ct. App. Dec. 7, 2010) (citing *Taylor v. Transmission Corp. of Am., Inc.*, No. E2003-02529-COA-R3-CV, 2004 WL 2853300, at *1 (Tenn. Ct. App. Dec. 13, 2004). As we have previously explained

> When more than one court has been given jurisdiction to adjudicate a particular type of controversy, subject matter jurisdiction may also be influenced by matters of comity and judicial efficiency. Thus, when two courts have concurrent subject matter jurisdiction, the first court to acquire jurisdiction over a particular case takes exclusive jurisdiction to end the matter. *See American Lava Corp. v. Savena*, 476 S.W.2d 639, 640 (Tenn. 1972); *Robinson v. Easter*, 208 Tenn. 147, 149, 344 S.W.2d 365, 366 (1961); *Wilson v. Grantham*, 739 S.W.2d 776, 777 (Tenn. Ct. App. 1986). The actions of a court that attempts to exercise jurisdiction over a case after another court with concurrent jurisdiction has already exercised jurisdiction are nullities. *See State v. Hazzard*, 743 S.W.2d 938, 941 (Tenn. Crim. App. 1987).

*State ex rel. McPeek v. Long*, No. E2005-01670-COA-R3-CV, 2006 WL 1163077, at *1–2 (Tenn. Ct. App. Apr. 28, 2006) (quoting *State ex rel. Whitehead v. Thompson*, No. 01A01-9511-CH-00538, 1997 WL 749465, at *2 (Tenn. Ct. App. Dec. 5, 1997)). Thus, a court that presides over a case where a prior suit is properly pending in another court violates the doctrine of prior suit pending and lacks subject matter jurisdiction to adjudicate the controversy. *See Wiley*, 2006 WL 929264, at *4 (quoting *Corley*, 2003 WL 23099685, at *3) ("Under the prior suit pending doctrine, 'where two courts have concurrent jurisdiction over a matter, the court first taking jurisdiction acquires exclusive

jurisdiction over the matter, and the subsequent action **must** be dismissed.'") (emphasis added); ***Metro. Dev. & Hous. Agency v. Brown Stove Works, Inc.***, 637 S.W.2d 876, 878–79 (Tenn. Ct. App. 1982) (citing ***American Lava Corp. v. Savena***, 476 S.W.2d 639, 640 (Tenn. 1972); ***Kizer v. Bellar***, 192 Tenn. 540, 546, 241 S.W.2d 561, 563 (Tenn. 1951)) (holding that where a court acquires jurisdiction over a matter, "no court of coordinate authority is at liberty to interfere with its action" and "only the first suit can be allowed to stand"); *see also* Paul J. Krog, *One Bite at A Time Analyzing the Prior-Suit-Pending Doctrine in Tennessee*, Tenn. B.J., June 2012, 14, 18 [hereinafter *One Bite at a Time*] ("Tennessee courts have come to treat prior suit pending as a jurisdictional doctrine.") (footnote omitted).

Appellee argues, however, that Appellant cannot now contest the "correctness" of the judgment in the Second Case because that case was not appealed and it was Appellant's decision to file the Second Case. In our view, Appellee misapprehends the issue on appeal. Here, Appellant is not contesting the dismissal of the Second Case on the basis of prior suit pending or any other ground. Rather, Appellant is merely challenging the application of the doctrine of res judicata in the First Case on the basis that one essential element—that the underlying judgment was rendered by a court of competent jurisdiction—is not met. We agree with Appellee that the Second Case is final, and we will not disturb the dismissal of that case. *C.f.* ***Goeke v. Woods***, 777 S.W.2d 347, 350 (Tenn. 1989) ("A judgment dismissing a suit for lack of jurisdiction does not preclude a party from litigating the same cause of action in a court of competent jurisdiction; it does preclude the relitigation of the issue of whether the first tribunal had jurisdiction."). Rather, this appeal involves only the trial court's decision to dismiss the First Case on the basis of res judicata, an issue that is properly reviewable in this appeal. Moreover, the fact that Appellant made the decision to file the Second Case does not alter our analysis. Rather, it is well-settled that subject matter jurisdiction cannot be conferred upon a tribunal by any action of the parties, including waiver or consent. ***Shelby Cty. v. City of Memphis***, 211 Tenn. 410, 413, 365 S.W.2d 291, 292 (Tenn. 1963) (quoting ***Petition of S. Lumber & Mfg. Co.***, 141 Tenn. 325, 210 S.W. 639, 640 (Tenn. 1919) ("It is well settled that, when the court has no jurisdiction of the subject-matter, it cannot be conferred either by waiver or consent, and all of its orders and decrees are a nullity, and may be collaterally attacked.")); *but see* ***Cannon ex rel. Good v. Reddy***, 428 S.W.3d 795, 798 (Tenn. 2014) (citing ***Walker v. Vandiver***, 181 S.W. 310, 311, 133 Tenn. 423 (Tenn. 1915)) (holding that a dismissal of a prior suit before the trial of a subsequent suit eliminates the defense of prior suit pending).[4] Thus, Appellant is not attacking the intrinsic "correctness" of the judgment in the Second Case, but whether the court in the Second Case possessed competent subject matter jurisdiction for purposes of satisfying the necessary elements of res judicata. *See* ***Henson v. Henson***, No. 23, 1989 WL 75960,

---

[4] As is evident by the fact that this appeal is ongoing, the First Case was not voluntarily dismissed.

6

at *2 (Tenn. Ct. App. July 11, 1989) (noting a difference between an attack on a court's subject matter jurisdiction and an attack as to the correctness of a trial court's decision).[5]

Turning to the prior suit pending factors, again, there appears to be no dispute in this case that the First Case and the Second Case involve the same parties and subject matter or that the court in the First Case had both personal jurisdiction and subject matter jurisdiction. Rather, the dispute in this case concerns whether the First Case was "pending" at the time of the filing of the second case. This Court has previously defined the term "pending" as "'[b]egun, but not yet completed' and 'awaiting an occurrence of conclusion of an action, period of continuance or indeterminancy.'" *Malmquist v. Malmquist*, 415 S.W.3d 826, 837 (Tenn. Ct. App. 2011) (quoting *Black's Law Dictionary* 1021 (5th ed. 1979)) (involving ex parte communications). To determine whether the First Case was pending at the time of the proceedings in the Second Case so as to implicate the doctrine of prior suit pending, we must examine the procedural history of the two cases, particularly the First Case.

Here, the First Case was initiated on November 20, 2013, with a judgment of dismissal in favor of Appellee entered on January 13, 2014. Within ten days from the judgment, on January 23, 2014, Appellant filed a motion seeking to set aside the dismissal. At the time that the Second Case was filed and, in our view, throughout all of the proceedings in the Second Case up to its final judgment in circuit court,[6] the motion filed in the First Case had not yet been adjudicated by the general sessions court.[7]

Motions seeking to set aside or alter general sessions courts' judgments are specifically authorized by statute. According to Tennessee Code Annotated section 16-15-727(b),

---

[5] The alleged lack of jurisdiction by the court in the Second Case also distinguishes this case from *Smith Mechanical Contractors, Inc. v. Premier Hotel Development Group*, 210 S.W.3d 557 (Tenn. Ct. App. 2006), in which we held that a mistake as to the filing of a lawsuit was not sufficient to avoid the effect of res judicata. The Court in *Smith* expressly noted that there was no dispute "that the [t]rial [c]ourt in the second lawsuit had subject matter jurisdiction[.]" *Id.* at 567. The same is simply not true in this case.

[6] As noted above, the circuit court's order denying Appellant's motion to alter or amend in the Second Case is not included in the record. Neither party asserts that this order was entered following the adjudication of the motion to set aside filed in the First Case. Regardless, as discussed in more detail above, because a notice of appeal was timely filed following the denial of the general sessions motion to set aside in the First Case, the First Case remained "pending" even following the adjudication of this motion.

[7] Although there was some notation in the general sessions court's docket that the case had been dismissed in February 2014, the parties now agree that this motion was not adjudicated until August 24, 2016, well after the institution of the Second Case.

Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment. Once filed, the motion shall toll the ten-day period for seeking de novo review in the circuit court until the determination of the motion is concluded. Thereafter, an appeal for de novo review in the circuit court shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment, order or proceeding in the same manner as provided in Tenn. R. Civ. P. 60.02.

As we recently explained, section 16-15-727 therefore provides that

> [A] party dissatisfied with the judgment of the general sessions court may seek to set aside that judgment by the timely filing of a motion under section 16-15-727(b). When such a motion is timely filed, the time for perfecting a de novo appeal to the circuit court is tolled until such time as the motion to set aside is adjudicated.

*Wells Fargo Bank, N.A. v. Dorris*, No. W2017-00617-COA-R3-CV, 2017 WL 6623621, at *3 (Tenn. Ct. App. Dec. 28, 2017).

There can be no dispute that Appellant's motion to set aside the judgment in the First Case was timely and therefore pursuant to the plain language of section 16-15-727(b), the time for perfecting an appeal was tolled. *See generally* Tenn. Code Ann. § 1-3-102 (governing computation of time); *State v. Smith*, 278 S.W.3d 325, 330 (Tenn. Crim. App. 2008) (applying section 1-3-102 to general sessions court). The trial court concluded, however, that the First Case was "final" and that the section 16-15-727(b) motion "did not affect the finality of the judgment nor did it suspend its operation[.]" Respectfully, we cannot agree.

Generally, a judgment is final when it resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). The filing of the section 16-15-727(b) motion in the First Case clearly meant that the general sessions court was required to act to adjudicate the motion. Appellee argues, however, that section 16-15-727(b) motions should be treated similarly to motions under Rule 60.02 of the Tennessee Rules of Civil Procedure. We agree that section 16-15-727(b) motions expressly reference Rule 60.02. *See* Tenn. Code Ann. § 16-15-727(b) ("Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions."). Additionally, it is true that the filing of a Rule 60.02 motion does not affect the finality of the underlying action. *See* Tenn. R. Civ. P. 60.02 (noting that generally "[a] motion under this Rule 60.02 does not affect the finality

of a judgment or suspend its operation"). This Court has previously held, however, that the proper interpretation of section 16-15-727(b) should be governed by the statutes applicable in the general sessions court, rather than by rules applicable to Rule 60.02 motions, given the differing procedure applicable to each motion. *See Dorris*, 2017 WL 6623621, at *4 (noting that unlike Rule 60.02, section 16-15-727(b) motions must be filed within ten days of the judgment and expressly toll the time for taking an appeal; concluding that Rule 60.02's procedure is not necessarily applicable to section 16-15-727(b) motions).

Rather than look to rules applicable to Rule 60.02 motions, we therefore must resolve this issue by examining the statutes specifically governing appeals from general sessions courts. *See Griffin v. Campbell Clinic, P.A.*, 439 S.W.3d 899, 902 (Tenn. 2014) (noting that general sessions courts' appeals are governed by statute). Tennessee Code Annotated section 27-5-108 provides a ten-day time period for taking an appeal from a general sessions court's judgment. Tenn. Code Ann. § 27-5-108(a). The statute further provides that "[i]f no appeal is taken within the time provided, then execution may issue." Tenn. Code Ann. § 27-5-108(d). Based upon this language, the Tennessee Supreme Court has held that the general sessions court's judgment becomes final **after** the time for appeal has expired: "If the appeal is not perfected within the ten-day period, the general sessions courts judgment becomes final and execution may issue." *Griffin*, 439 S.W.3d at 902 (citing Tenn. Code Ann. § 27-5-108(d)). This ruling is consistent with other Tennessee law that holds that judgments are not final while an appeal is pending. *See Creech v. Addington*, 281 S.W.3d 363, 377–78 (Tenn. 2009) (noting that Tennessee and a minority of jurisdictions follow the rule that a judgment is not final and res judicata cannot apply while an appeal of the other case is pending). Thus, the judgment does not become final immediately at the time it was rendered, but only following the expiration of the time provided for an appeal.

Here, the language of section 16-15-727(b) is more than clear that the time for filing an appeal will not expire until ten days following the adjudication of any timely filed motion to set aside the judgment. *See* Tenn. Code Ann. § 16-15-727(b) ("toll[ing] the ten-day period for seeking de novo review in the circuit court until the determination of the motion is concluded" and providing ten days from the adjudication of the judgment to file a notice of appeal). Thus, the general session court's judgment does not become final until ten days following the adjudication of any pending section 16-15-727(b) motion, if no appeal is filed. In the case-at-bar, at the time of the institution of the Second Case and throughout those proceedings, the time for filing an appeal of the First Case had simply not expired. As such, the trial court's conclusion that the general sessions court's judgment in the First Case was "final" notwithstanding the pending section 16-15-727(b) motion was in error.

The current procedural posture of this case highlights the correctness of this holding. Here, a timely appeal was in fact taken from the general sessions court's

judgment in the First Case. As such, the First Case is plainly still "pending" on secondary appellate review at this time. *See* **Comcast of S. v. Elec. Power Bd. of Chattanooga**, No. E2008-01788-COA-R3-CV, 2009 WL 1328336, at *6 (Tenn. Ct. App. May 13, 2009) (citing **Creech**, 281 S.W.3d 363, 377–78) (holding that a lawsuit is "still 'pending' until the appeal is resolved").[8]

Because the First Case was "pending" at the time of the institution and throughout the proceedings in the Second Case, the doctrine of prior suit pending is applicable. *See* **West**, 256 S.W.3d at 623 (outlining the prior suit pending elements, discussed *supra*). As previously discussed, where applicable, the doctrine of prior suit pending deprives the court presiding over the second-filed action of subject matter jurisdiction. *See* **Wiley**, 2006 WL 929264, at *4 (holding that the second court lacks subject matter jurisdiction where the same claim against the same parties was previously pending in another court); **Brown Stove Works**, 637 S.W.2d at 878–79 (holding that the second court cannot interfere when jurisdiction has attached to a claim by an earlier court). Consequently, the court in the Second Case lacked subject matter jurisdiction over the matter where jurisdiction has previously attached to the court in the First Case. *See* **Wilson v. Schwind**, 260 S.W.3d 454 (Tenn. Ct. App. 2007) (holding that prior suit pending was applicable even where the two cases were filed in the same court); *see also One Bite at a Time*, at 18 (noting that cases may be filed in the same court as "each county or district's Circuit or Chancery Court is no more a 'separate court' than are the divisions of one county's").

Returning to the issue of res judicata, it is clear that the first essential element—that the judgment be rendered by a court of competent jurisdiction—is not met in this case. *See* **Jackson**, 387 S.W.3d at 491. Here, the doctrine of prior suit pending deprived the court in the Second Case of its power to act on this issue; the action of the court in the Second Case was, simply put, a "nullit[y]." **Long**, 2006 WL 1163077; *c.f.* 49 C.J.S., Judgments, § 421, *Jurisdictional Defects* p. 824–25 (noting that a court lacks jurisdiction where it "violates a provision which prohibits it from doing a particular act or taking jurisdiction over particular matters"). Accordingly, the court presiding over the Second Case cannot constitute a court of competent jurisdiction for purposes of the doctrine of res judicata. *See Black's Law Dictionary* 927 (9th ed. 2009) (defining "competent jurisdiction" as having power to decide a case). The trial court's decision to dismiss the First Case on the basis of res judicata was therefore in error. *See* 50 C.J.S. *Judgments* § 932 ("The doctrine of res judicata cannot be invoked unless all its essential elements are present, and each necessary element must be established beyond all question.") (footnotes omitted).

---

[8] There is no dispute in this case that Appellant filed timely appeals from both the general sessions court and the circuit court.

10

Finally, Appellee seeks an award of attorney's fees for the defense of a frivolous appeal pursuant to Tennessee Code Annotated section 27-1-122. Because we have ruled in favor of Appellant, this appeal was not frivolous. Accordingly, Appellee's request is denied.

## CONCLUSION

The judgment of the Circuit Court of Shelby County is reversed and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are assessed to Appellee, Sams East, Inc., for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE