Green, J.
delivered the opinion of the court.
The circuit judge dismissed this bill because there had been a trial at law, in a court having ample jurisdiction to determine the whole merits of the case. We are of opinion that the decision of the circuit judge was right.
A party will not be aided by a court of chancery, after a trial at law, unless he can impeach the justice of the verdict, on grounds of which he could not have availed himself at law, or was prevented from doing it *132 by fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part. 1 Vern. 238. 1 Sch. and Lef. 201. 7 Cranch, 336. Smith vs. M’ver, 7 Wheaton. 3 Desa. Rep. 324-5. 4 Munf. 115. 3 John. Ch. Rep. 356. 1 John. Ch. Rep. 323. 4 John. Ch. Rep. 566.
Chancellor Kent, in the case of Duncan vs. Lyon (3 John. Ch. Rep. 357) well remarks, that “if the principle was to be materially relaxed, the departure from it would soon be perceived and felt to be a great public grievance, by encouraging negligence, protracting litigation, exhausting parties, and drawing within the cognizance of this court the general review of trials at law.
The complainant, to give this court jurisdiction, states in his bill, that his plea in [abatement was unexpectedly stricken out, and a plea to the merits required instanter, which being filed, the cause was put to the jury in the absence of all his witnesses, by whom he could have proved the fraud; and that the counsel on whom he principally relied, was absent and sick. This would not bring his case within either of the exceptions before stated, even if the facts were true. But the proof does not support this allegation. There is no proof that the attorney was absent, or that his witnesses were not sworn and examined in that trial.
It is unnecessary, after what has been said, to consider the question of fraud. The evidence upon this point is contradictory and very unsatisfactory. A suspicion that all was not exactly fair, may exist; but the proof is too inconclusive to have authorized a decree, had the question of jurisdiction been out of the way.
Decree affirmed.