Ross M. Winter *et al.*, Complainants, Appellants, *v.* Valley Allen *et al.*, Defendants, Appellees.

(*Jackson,* April Term, 1933.)

Opinion filed June 17, 1933.

J. T. PEELER and A. A. ABERCROMBIE, for complainants, appellants.

MADDOX & MADDOX and J. R. PRESSON, for defendants, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This bill was brought to enjoin an execution issued out of the law court of Carroll County on allegations that the judgment was not rendered by either the regular Circuit Judge or a special judge lawfully appointed or selected, commissioned or sworn, and was, therefore, void. The bill also charges that the minute record of the judgment was never signed, either by the regular or acting Judge who tried the case. The Chancellor sustained a motion and dismissed the bill. The motion to dismiss challenged the bill for want of equity on its face, and particularly relied on the following recitation contained in the minute recital of the trial court, set forth in the bill, to-wit:

". . . and it being agreed to by the parties to this suit, both the plaintiff and the defendants, that the said Hon. J. C. R. McCall should try said cause, thereupon the said cause was tried on this March 2, 1931, by the said J. C. R. McCall, Special Judge, etc., without the intervention of a jury, upon the warrant," etc., etc.

The record does not contain any opinion, or decree recital, stating the reasoning of the learned Chancellor,

but his action in dismissing this injunction bill may be sustained on several cumulative grounds.

■ It appears from the bill that when the case was called for trial in the Circuit Court Hon. J. C. R. McCall, of the Carroll bar, was sitting as Judge in the absence of Circuit Judge Bond. Counsel for defendants there, complainants here, appeared before him and without objection to the authority of the acting judge presented to him an application for a continuance of the case, supported by affidavit, which was overruled, and the bill fails to show that, either during the trial of the case, or at any later time, any question was made as to the regularity of the appointment or selection or authority of the acting Judge. So that, even if it should be conceded that the consent of the parties is not conclusively or bindingly shown by the Minute entry already quoted because unsigned, or for other reasons, and that the judgment is open to this collateral attack at all, it is clear that the situation complained of, from which relief is sought by this application for the writ of injunction, has been brought about by the failure of complainants to offer seasonably any objection. They, on the contrary, by recognizing the authority of the acting Judge in presenting to him their application for a continuance, affirmatively approved his selection and waived any irregularity in his appointment.

The facts thus appearing bring this case within the reasoning of MR. JUSTICE LURTON in his learned opinion in *Radford Trust Company* v. *Lumber Co.*, 92 Tenn., 127, wherein he reviews many authorities in and outside of this State, and, with particular application to the case made by the bill before us, well says:

"The right to a trial by an impartial Judge is a very high right, but these cases establish not only that one may

consent to a trial before a disqualified Judge, but that, if he fails to object, he is conclusively presumed to consent. The right to waive a right is the highest of all rights. If the constitutional disqualifications may be waived by failure to object, we cannot see why one who consents for a learned and disinterested lawyer to sit and 'act as Judge,' or as the substitute for an absent Judge, is not estopped to afterwards complain when an adverse result is reached.

"Consent did not make him a Judge, but it authorized him to 'act as a Judge;' and . . . The judgment is not void or voidable."

██ The rule is well settled in this State, certainly in civil cases, that a party may waive the incompetency or lack of authority to act of the trial Judge, and does so waive it by implication when no objection is made at the trial and in the trial court. As said by Judge FREEMAN in *Crozier* v. *Goodwin,* 1 Lea, 128, "It would be monstrous to allow a party to acquiesce in the action of such a Court without objection, and then, on appeal, show the fact as ground for reversal." See *Wroe* v. *Greer,* 2 Swan., 172; *Holmes* v. *Eason,* 8 Lea, 754; *Posey* v. *Eaton,* 9 Lea, 501.

██ In the court of equity complainants are met first by the rule that injunction will not issue to stay proceedings on an award in a court of law, except for fraud, accident or mistake; and, second, by the rule that this extraordinary process will not be used to relieve a party from a situation which he has brought on himself by his own negligent act or omission. Several maxims are applicable. Equity aids the vigilant, not those who sleep on their rights. One cannot take advantage of his own wrong. The discretionary writ of injunction will never issue to a

party who has forfeited his right to relief by his negligence or participation in the wrong done.

As already shown in the instant case, the right to object was waived and the irregularity complained of acquiesced in; no steps were taken in the trial forum to make or preserve exceptions, and the provided remedy of appeal was disregarded. Injunctive relief was not justified, and the decree dismissing the bill must be affirmed.