# TALLENT v. SHERRELL et al.

Middle Section.   September 23, 1944.

Petition for Certiorari denied by Supreme Court, December 8, 1944.

Bennett Eslick, of Pulaski, and Lawson H. Myers, of Fayetteville, for appellant.

A. E. Simms and B. E. Holman, both of Fayetteville, for appellees.

HICKERSON, J. The bill in this cause was filed by Will Tallent against H. M. Sherrell individually and as

executor of the will of H. E. Sherrill, deceased, and M. T. Holt, Circuit Court Clerk of Giles County, Tennessee, to set aside a judgment of the Circuit Court of Giles County in an unlawful detainer suit, to declare the rights of the parties to the farm involved in the unlawful detainer suit, and to have the farm sold and distribute the proceeds of the sale. The defendant, H. M. Sherrell, individually and as executor of the will of H. E. Sherrell, deceased, denied the material allegations of the bill and pleaded in bar of complainant's suit a former suit pending in the Chancery Court of Lincoln County between the same parties covering the same subject matter. From a decree of the Chancellor dismissing the bill, complainant appealed to this Court.

In 1934 H. E. Sherrell purchased a farm in the Tenth Civil District of Giles County, Tennessee, containing 182 acres, more or less, from an insurance company and paid therefor $2100. He and Will Tallent entered into a partnership agreement for the operation of this farm. By this agreement the parties were to carry on the usual farming operations and divide the profits therefrom equally.

H. E. Sherrell died in 1940, testate, and H. M. Sherrell qualified as Executor of his will. H. M. Sherrell and Will Tallent were unable to reach an agreement in regard to the partnership affairs of H. E. Sherrell and Will Tallent, so Will Tallent filed a bill in the Chancery Court of Lincoln County, Tennessee, seeking a complete accounting and settlement of the partnership business. It was his contention in that suit that he and H. E. Sherrell had agreed, when the farm was purchased in Giles County and title taken in the name of H. E. Sherrell, that they would operate the farm as partners and when the farm was sold they would divide the amount of the sale price

in excess of $2100, the original purchase price, equally between them.

While this suit was pending in the Chancery Court of Lincoln County, H. M. Sherrell brought an unlawful detainer suit before a justice of the peace in Giles County, Tennessee, to recover possession of the farm in question. The justice of the peace awarded possession to plaintiff in that suit. The case was brought to the Circuit Court by certiorari.

When this unlawful detainer suit came on for trial in the Circuit Court, an effort was made to compromise the case. As a result of these negotiations the parties came into open court and stated to the Circuit Judge that the case had been compromised and settled. The Judge inquired about the terms of the settlement and the Attorneys explained to him that Tallent would pay $400 rent to Sherrell for the year 1943 and the costs and surrender possession of the farm to Sherrell on January 1, 1944. Thereupon, the Judge made this notation on his docket: "The defendant to pay $400.00 rent and costs and give possession January 1, 1944." The Attorneys were directed to draw the order and a day or two afterwards Mr. J. L. Jones, attorney for H. M. Sherrell, did draw the order and left it with the Circuit Court Clerk of Giles County, Tennessee. The order was entered on the minutes and the minutes signed by the Circuit Judge. The judgment provides: "Howard M. Sherrell, individually and as Executor of H. E. Sherrell vs. Will Tallent. No. 2713½.

"This case came on this day to be heard before the Honorable Joe M. Ingram, Circuit Judge upon the settlement of the matters in controversy reached by the parties and stated in open court by their Attorneys, the terms of which settlement are as follows:

. "The defendant, Will Tallent, agrees to rent the tract of land involved in this case lying in the 10th Civil District of Giles County, Tennessee, bounded generally North by Holly, South by King, East by Holly, and West by Holly, containing 182 acres, conveyed to H. E. Sherrell by deed of record in ROGCT in Deed Book 105, page 186, for the year 1943, for $400.00 and has agreed to and has executed his note therefor with security, and also carrying the usual landlord's lien for the rent and he further agrees to give to the plaintiff, or his heirs or assigns, possession of the above described premises on January 1, 1944, and to pay all the costs of this case, which agreement the court is pleased to approve and make the judgment of this court. .

. "It is therefore ordered, adjudged and decreed that the rental agreement above set out be and the same is hereby approved and that the defendant Will Tallent, and M. H. Smith and M. H. Wolaver, sureties on his bond, pay all of the costs of this case, for which execution will issue if necessary, and that the said defendant surrender possession of said premises on January 1, 1944, and that the plaintiff be restored to possession of said premises on said date, and if necessary, the writ of possession will issue to put the plaintiff in possession thereof."

The parties agree that this judgment correctly states and shows everything that was told the Circuit Judge in regard to the compromise.

After the entry of this judgment, Will Tallent filed the bill in this cause seeking to set the judgment aside on the ground that it was procured by fraud, accident, or mistake. It was his contention, and his witnesses testified, that he and Sherrell agreed to compromise the unlawful detainer suit by his agreeing to pay Sherrell $400

as rent for the farm for 1943, and surrender possession of the farm on January 1, 1944; with the additional agreement or provision that the farm would be sold during the year 1944 and that he and Sherrell would divide the proceeds of the sale which were in excess of $2100, equally, and that Sherrell would agree to place a minimum bid of $5,000 on the farm. The provision in the agreement, however, about the sale of the farm, according to the contention of Tallent, was dependent upon the decree of the Chancery Court of Lincoln County. Whether the parties had agreed to divide the proceeds of the sale of the farm in excess of $2100 equally between them was an issue in the chancery case in Lincoln County.

It was the contention of Sherrell, and his witnesses testified, that there was no agreement whatever in the settlement of the unlawful detainer suit relating to the sale of the farm in Giles County; that this question was an issue in the Chancery case in Lincoln County and was left by the parties to be determined in that case; and that the entire agreement between the parties was stated to the Circuit Judge in open court and that the judgment which was entered in the unlawful detainer suit correctly embodied the agreement of the parties.

The Chancellor sustained the plea of former suit pending, and confined the issues in the present suit to the question of the judgment in the Circuit Court of Giles County. We agree with that conclusion.

Mr. Lawson Myers, attorney representing Mr. Tallent, testified that the question of selling the farm and dividing the rents was an issue in the Lincoln County case. The Chancery Court of Giles County and the Chancery Court of Lincoln County have concurrent equity jurisdiction. The Chancery Court of Lincoln County acquired jurisdiction of these questions before the present suit was

brought in Giles County. The two suits were between the same parties, concerning the same subject matter, and for the same object as far as these issues are concerned. Under these circumstances, it is the rule that the court which first acquires jurisdiction takes exclusive jurisdiction to settle the issues between the parties. Indeed, the rule has this further extension, that all issues which are made or might be made concerning the same subject-matter must be determined in that Court which acquires jurisdiction first. The test of the question of subject matter is whether the judgment in the first suit could be pleaded to the second suit in bar as former adjudication. Gibson's Suits in Chancery, sections 328, 329; Boyd v. Robinson, 93 Tenn. 1, 23 S. W. 72; Sale v. Eichberg, 105 Tenn. 333, 59. S. W. 1020, 52 L. R. A. 894.

We agree with the Chancellor that the determinative issue in this case is whether the judgment which complainant seeks to set aside was procured by fraud, accident, or mistake.

A judgment or decree of a court of record imports absolute verity. A court of equity should not set aside such judgment or decree unless it clearly appears that it was procured through fraud, accident, or mistake. The rule has been stated to be that:

"An injunction against a judgment at law will be granted on application of the defendant to the judgment, if he show (1) that he had a valid legal defence to the suit on the merits, and (2) that he was prevented from making that defence by the fraud of the plaintiff, or by some surprise, accident, or mistake, and (3) that there was no negligence, or other fault, on his part, or on the part of his agents, or attorneys. The defendant to the judgment must show in his bill all of these essentials."

Gibson's Suits in Chancery, Fourth Edition (Higgins and Crownover), page 659, section 814.

Various statements of this rule are made in the following cases: Kearney v. Smith, 11 Tenn. 127, 132, 24 Am. Dec. 550; McDowell v. Morrell, 73 Tenn. 278, 279, 282; Maddox v. Apperson, 82 Tenn. 596, 604; Puckett v. Griffith, 128 Tenn. 565, 571, 162 S. W. 581; Winter v. Allen, 166 Tenn. 281, 284, 62 S. W. (2d) 51.

Applying these rules to the facts of the present case, we have this situation: The parties appeared before the Circuit Judge in open court and stated that they had settled an unlawful detainer suit. The terms of the settlement were stated to the Judge who made a notation thereof on his docket. He read to the parties and their attorneys his understanding of the settlement and they all assented thereto, or made no correction or complaint about the terms. A judgment was entered in accordance with the statement to the Circuit Judge. Complainant, in the present suit, seeks to set aside that judgment on the ground that there was an additional agreement in regard to the settlement. All questions covered by the additional agreement are issues in a suit now pending in the Chancery Court of Lincoln County where they can be determined and the rights of all parties protected. There was no evidence of fraud or bad faith on the part of anyone. There was a misunderstanding in regard to the additional terms of the settlement of the unlawful detainer case, but these questions were never brought to the attention of the Circuit Judge and they can be settled as well in the Chancery case in Lincoln County as they can in the present suit.

The Chancellor held that complainant was not entitled to set aside the Circuit Court judgment under the facts

of this case and that there was no equity in complainant's bill. We think the Chancellor was unquestionably right.

It is not necessary to go into the various assignments of error. We have decided the case on the determinative questions.

Let the assignments of error be overruled and the decree of the Chancery Court affirmed with costs.

Felts and Howell, JJ., concur.