IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2018 session

## HEADWATERS OF THE HARPETH, LLC v. TINA MAJORS

**Appeal from Rutherford County Circuit Court**
No. 64217     Walter C. Kurtz, Judge
_____

**No. M2017-02331-COA-R3-CV**
_____

This appeal arises from a detainer action. After the general sessions court awarded the owner a writ of possession and a monetary judgment for rent, the defendant appealed to circuit court. The defendant also filed a separate action in chancery court seeking an equitable interest in the property under a resulting trust to compensate her for improvements she made to the property. The owner filed an answer and counter-complaint in the chancery court to recover the same damages it sought in the circuit court. While the chancery action was pending, the parties entered into an agreed order in the circuit court requiring the defendant to pay rent for her occupancy of the premises, but that execution would be stayed pending resolution of the chancery court action. After the chancery court dismissed all claims with prejudice, the owner filed a motion in the circuit court to lift the stay of the agreed order and for entry of a final judgment to recover rent owed by the defendant. The defendant filed an objection, maintaining that the counterclaim for rent in chancery court consolidated the two cases; therefore, the owner's claim for rent had been dismissed by the chancery court. The defendant also contended the claim for rent in the circuit court action was barred under the doctrine of res judicata. The circuit court overruled the objection holding that the two actions were never consolidated, and res judicata did not apply because the circuit court action was filed before and pending when the chancery court case was commenced. This appeal followed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Wm. Kennerly Burger, Murfreesboro, Tennessee, for the appellant, Tina Majors.

Rachel Ralston Mancl, Johnson City, Tennessee, for the appellee, Headwaters of the Harpeth, LLC.

# OPINION

This appeal arises from a detainer action filed by Headwaters of the Harpeth, LLC ("Headwaters") against Tina Majors ("Majors") in Rutherford County General Sessions Court. Headwaters requested a writ of possession, rent, and damages for property located at 2567 Swamp Road, Eagleville, Tennessee, that it purchased in a sheriff's execution sale and that was occupied by Majors. The general sessions court granted Headwaters a writ of possession in January of 2012, and Majors appealed to the Rutherford County Circuit Court.

In March of 2012, Majors filed a separate action in Rutherford County Chancery Court seeking an equitable interest in the property via a resulting trust to compensate her for improvements she made to the property. Headwaters filed an answer and a counterclaim for rent and damages, and Majors responded with an answer denying Headwaters' entitlement to relief.

On October 30, 2012, the circuit court entered an agreed order in the detainer action, stating:

> Plaintiff Headwaters of the Harpeth, LLC, and Defendant Tina Majors having agreed that Plaintiff is entitled to possession of certain property located at 2567 Swamp Road, Eagleville, Tennessee 37060 (the "Property") and that Plaintiff is entitled to rent in the amount of $600.00 per month accruing from June 8, 2011 through the date of Defendant's vacancy of the property, IT IS HEREBY AGREED AND ORDERED:
>
> 1. Defendant's pending Motion for Stay is withdrawn;
>
> 2. Plaintiff Headwaters of the Harpeth, LLC shall receive possession of the Property on or before November 30, 2012. After that date, a writ of possession may issue; and
>
> 3. Headwaters of the Harpeth, LLC is awarded monthly rent in the amount of $600.00 per month from June 8, 2011 through the date of Defendant's vacancy of the Property (the "Rent"). Upon Defendant's departure from the Property, Plaintiff shall submit an order granting Plaintiff judgment for Rent, Execution upon Plaintiff's judgment for Rent shall be stayed pending the entry of a final order by the Chancery Court in Civil Action No. 12CV-414, currently pending in the Chancery Court for Rutherford County, Tennessee.

On December 22, 2016, the chancery court dismissed with prejudice all claims in Majors' resulting trust action for failure to prosecute, and neither party appealed the decision.

In March of 2017, Headwaters filed a motion for entry of a final order in the circuit court, attaching the chancery court's final judgment dismissing Majors' resulting trust action and requesting that the circuit court enter a judgment against Majors for rent in the amount of $10,800, consistent with the agreed order from October of 2012. Majors filed an objection to Headwaters' motion, contending that the counterclaim for rent and damages consolidated the detainer and resulting trust actions and all claims in the consolidated action had been dismissed with prejudice. Therefore, res judicata barred Headwaters' claim for rent.

Headwaters responded, contending that res judicata did not apply because the detainer action was filed prior to the resulting trust action. Therefore, the detainer action was not a "second" case as in the typical res judicata situation. Moreover, Headwaters contended that even if res judicata did apply, a party is required to assert the application of this doctrine as an affirmative defense in the party's answer or in a Tenn. R. Civ. P. 12.02 motion to dismiss, which Majors did not do. Headwaters also argued that the two cases were never consolidated; thus, its claim for rent, as asserted in the circuit court action, was not barred by the dismissal of all claims in the chancery court action.

The circuit court agreed with Headwaters, stating in pertinent part:

The Court finds the "objection" is procedurally deficient. A challenge to the validity of a case or cause of action is by a timely Tenn. R. Civ. P. 7.02, 12, or 56 motion, not by an objection to a final proposed order. The Court will, however, as a secondary matter, address the merits of the objection.

The Court rejects the objections made by the defendant.

1. *Res judicata* was never pled. Tenn. R. Civ. P. 8.03.

2. Even if pled, *res judicata* would not apply in the Circuit Court case as that case was filed prior to the Chancery case.

3. The Circuit case and the Chancery case were never consolidated and therefore defendant's attempt to argue that Tenn. R. Civ. P. 18 somehow applies is without substance.

.   .   .

- 3 -

The Court overrules the defendant's "objection" to the entry of the proposed order for the reasons reference[d] above. The proposed order is consistent with the agreement of the parties reflected in the Agreed Order of October 30, 2012, and will, therefore, be signed by the Judge and become the Judgment of the Court.

After determining the period of time Majors had occupied the premises without paying rent, the circuit court granted Headwaters a judgment against Majors for rent in the amount of $10,800. Majors then filed a motion to alter or amend the court's decision. The court denied the motion, and this appeal followed.

## ANALYSIS

The dispositive issue in this appeal is whether the dismissal of Headwaters' counterclaim in the chancery court action bars the enforcement of the agreed order in the circuit court action by which Headwaters was entitled to recover rent from June 2011.

Majors' defense is based on the res judicata doctrine. Whether the res judicata doctrine applies is a question of law, which this court considers de novo with no presumption of correctness. *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (citing *In Re: Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005)).

"The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson*, 387 S.W.3d at 491 (citing *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (further citations omitted)). "It is a 'rule of rest,'" *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), which "promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits." *Jackson*, 387 S.W.3d at 491 (citing *Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002)).

For the res judicata doctrine to apply, the party asserting it must establish: "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Jackson*, 387 S.W.3d at 491 (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)).

That three of these four elements are established in this case is undisputed. The parties in the chancery court and circuit court actions are the same: Headwaters and Majors. Headwaters asked for the same payment for rent in both actions, and so the cases

involve the same claim.[1] The chancery court's judgment was final and on the merits.[2] However, Majors' claim fails with respect to the first element: that the underlying judgment was rendered by a court of competent jurisdiction.[3] Understanding why the chancery court lacked subject matter jurisdiction, and thus the authority to decide the issue of rent, requires attention to the doctrine of prior suit pending.

Under the prior suit pending doctrine, "when two courts have concurrent subject matter jurisdiction, the first court to acquire jurisdiction over a particular case takes exclusive jurisdiction to end the matter," and the subsequent action must be dismissed. *Collins v. Sams East Inc.*, No. W2017-00711-COA-R3-CV, 2018 WL 1299857, at *2 (Tenn. Ct. App. Mar. 13, 2018) (citing *American Lava Corp. v. Savena*, 476 S.W.2d 639, 640 (Tenn. 1972) (additional citations omitted)).

Four elements must exist for the prior suit pending doctrine to apply: "1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties; 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties." *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 623 (Tenn. 2008). When these four elements are present, "a court that presides over a case where a prior suit is properly pending in another court violates the doctrine of prior suit pending and lacks subject matter jurisdiction to adjudicate the controversy." *Collins*, 2018 WL 1299857, at *3. Thus, "[t]he actions of a court that attempts to exercise jurisdiction over a case after another court with concurrent jurisdiction has already exercised jurisdiction are nullities." *Id.* (citing *State v. Hazzard*, 743 S.W.2d 938, 941 (Tenn. Crim. App. 1987)).[4]

---

[1] The causes of action raised need not be identical so long as they have a claim in common and meet the other requirements stated above. *See Rainbow Ridge Resort, LLC v. Branch Banking & Trust Co.*, 525 S.W.3d 252, 263-64 (Tenn. 2016) (quoting *Jackson*, 387 S.W.3d at 491).

[2] "[A]ny dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensable party 'operates as an adjudication upon the merits,' unless the trial court specifies otherwise in its order for dismissal." *Creech*, 281 S.W.3d at 378 (Tenn. 2009) (quoting Tenn. R. Civ. P. 41.02(3)).

[3] "*Black's Law Dictionary* defines 'competent jurisdiction' as '[a] court's power to decide a case or issue a decree.'" *Collins v. Sams East Inc.*, No. W2017–00711–COA–R3–CV, 2018 WL 1299857, at *2 (Tenn. Ct. App. Mar. 13, 2018) (quoting *Black's Law Dictionary* 927 (9th ed. 2009)).

[4] "The test of the question of subject matter is whether the judgment in the first suit could be pleaded to the second suit in bar as former adjudication." *Tallent v. Sherrell*, 184 S.W.2d 561, 563 (Tenn. Ct. App. 1944). Thus, "a court must consider whether a judgment in the first suit would bar litigation of an issue in the second suit under res judicata principles." *Fid. & Guar. Life Ins. Co. v. Corley*, No. W2002-02633-COA-R9-CV, 2003 WL 23099685, at *4 (Tenn. Ct. App. Dec. 31, 2003). Here, a

(continued…)

It is undisputed that the circuit court and chancery court actions involved the identical subject matter, that being Headwaters' claim for rent. The two cases involved the same two parties as litigants, and the circuit court had personal jurisdiction over both of them. Moreover, the action in circuit court, which was filed first, was pending at all material times. Therefore, the circuit court maintained exclusive subject matter jurisdiction over the claim for rent.

Because all essential elements to justify application of the prior suit pending doctrine are present, the circuit court retained exclusive jurisdiction over Headwaters' claim for rent, as well as the authority to lift the stay of the agreed upon order and to enter judgment for the amount of rent Majors owed to Headwaters. Accordingly, we affirm the judgment of the circuit court in all respects.

## IN CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal are assessed against Tina Majors.

$\overline{\hspace{3cm}}$
FRANK G. CLEMENT JR., P.J., M.S.

---

judgment on rent in the circuit court would indeed have barred the chancery court from re-litigating this issue, and so the chancery court could not have assumed subject matter jurisdiction over this issue.