IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 6, 2023 Session

## EDWARD RONNY ARNOLD v. ALLSTATE INSURANCE COMPANY

**Appeal from the Circuit Court for Davidson County**
**No. 22-C2097          Lynne T. Ingram, Judge**

———————————————————

**No. M2023-00536-COA-R3-CV**

———————————————————

While a prior lawsuit was still pending on appeal, the Plaintiff filed a nearly identical lawsuit. The trial court dismissed this second suit based on res judicata. Although the second suit was not barred by res judicata because the first suit was not final for res judicata purposes, we nevertheless affirm the dismissal on the basis of the prior suit pending doctrine.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Edward Ronny Arnold, Nashville, Tennessee, Pro Se.

Cyrus L. Booker, Brentwood, Tennessee, for the appellee, Allstate Insurance Company.

**OPINION**

I.

This court in opinions authored by Judges Stafford (*Arnold I*)[1] and Frierson (*Arnold II*)[2] offered thorough explorations of the procedural history of the litigation underlying this appeal. We borrow liberally from both opinions to delineate the procedural history that is

---

[1] *Arnold v. Malchow (Arnold I)*, No. M2021-00695-COA-R3-CV, 2022 WL 774925 (Tenn. Ct. App. Mar. 15, 2022).

[2] *Arnold v. Malchow (Arnold II)*, No. M2022-00907-COA-R3-CV, 2023 WL 5097179 (Tenn. Ct. App. Aug. 9, 2023) *perm. app. filed* (Sept. 6, 2023).

relevant to understanding the complex tapestry within which this appeal arises.

Addressing Mr. Arnold's first appeal, this court in *Arnold I* observed the following:

> This appeal involves two interrelated cases filed in the trial court. First, on December 27, 2019, Plaintiff/Appellant Edward Ronny Arnold ("Appellant"), proceeding pro se, filed a complaint for damages against Defendants Deborah Malchow, Progressive Direct Auto ("Progressive"), and Mountain Laurel Assurance Company ("Mountain Laurel") . . . . The complaint alleged that Ms. Malchow had injured Appellant through the negligent operation of a motor vehicle and that either Progressive or Mountain Laurel was Ms. Malchow's insurer. On January 2, 2020, Progressive and Mountain Laurel filed a joint motion to dismiss on the ground that Tennessee law does not permit direct actions against insurance companies. On January 27, 2020, the trial court entered an order dismissing Progressive and Mountain Laurel as parties. This ruling was designated as final pursuant to Rule 54.02 of the Tennessee Rules of Appellate Procedure.

> On October 5, 2020, Appellant initiated a second lawsuit involving the car accident at issue . . . . In the second case, Appellant named his own underinsured/uninsured motorist carrier, Defendant/Appellee Allstate Insurance Company ("Allstate") as the sole defendant. Therein, Appellant set out as his "first cause of action" "negligent operation of a motor vehicle by uninsured motorist." Appellant then set forth four "cause[es] of action against insurance company," including breach of contract, breach of the implied duty of good faith and fair dealing, and two claims of tortious breach of the implied duty of good faith and fair dealing. . . .

> On October 22, 2020, the trial court consolidated the two cases "as the two matters concern the same common questions of fact and law and therefore should be consolidated." . . .

> [O]n January 15, 2021, Appellant filed a motion to begin discovery . . . . In response, on the same day, Allstate filed a motion for a protective order precluding Appellant from taking the depositions of several of its employees. On January 9, 2021, the trial court entered an order stating that

> > this Court finds that [the action against Appellant's insurer] is being pursued by [Appellant] as a uninsured/underinsured motorist claim, and because the named Defendant in [the original suit] is a claim against the alleged negligent named Defendant, Deborah Malchow, who has been determined to have insurance, this Court finds that all proceedings by

- 2 -

[Appellant as to his insurer] should be stayed pending further development of proof relating to whether Defendant Malchow may be an underinsured motorist . . .

On April 30, 2021, Ms. Malchow filed a motion to dismiss . . . . The trial court granted in part and denied in part Ms. Malchow's motion to dismiss by order of June 16, 2021. Therein, the trial court found that Appellant stated a claim against Ms. Malchow for negligent operation of a motor vehicle. But the trial court ruled that all other claims against Ms. Malchow should be dismissed, including the claims of breach of an insurance contract and breach of the duty of good faith and fair dealing. . . . On June 23, 2021, Appellant filed a notice of appeal to this Court.

Following the filing of the notice of appeal, proceedings occurred simultaneously in the trial court and the appellate court. In the trial court, on July 22, 2021, Allstate filed a renewed motion for a protective order, asking that Appellant be precluded from taking the depositions of Allstate employees that had no knowledge of the facts involved in the case. According to Allstate, the only remaining issues in the case were "whether Defendant Malchow engaged in the negligent operation of a motor vehicle, and if so, whether said negligence resulted in property damage and/or personal injuries to [Appellant]." The trial court entered an order on August 11, 2021, granting Allstate's motion. First, the trial court detailed the procedural history of the consolidated cases, including the fact that the trial court had "stayed further proceedings . . . pending further development of proof relating to whether Defendant Malchow was an underinsured motorist relating to the subject accident." As for the June 16, 2021 order on the motion to dismiss, the trial court found as follows:

> By an Order on Motion to Dismiss . . ., this Court dismissed the [Appellant's] claims of breach of insurance contract, contractual breach of implied covenant of good faith dealing and tortious breach of implied covenant of good faith and fair dealing. This Order was not a final order relating to [the insurer], since this Court had stayed proceedings regarding the underinsurance motorist claim pending the outcome of [the action against Defendant Malchow] and a determination regarding whether Defendant Malchow was an underinsured motorist.

The trial court further found that because the deposition of the only Allstate employee with knowledge had already been taken, Appellant was seeking to depose individuals with no relevant information on the issues to be tried.

- 3 -

Thus, the trial court granted Allstate's motion for a protective order. . . .

Meanwhile, in the appellate court, on July 9, 2021, Ms. Malchow filed a motion to dismiss this appeal due to lack of a final judgment. Appellant responded in opposition on July 15, 2021. On July 19, 2021, this Court reserved ruling on Ms. Malchow's motion to allow her to supplement her motion with supporting documentation. On July 26, 2021, Allstate filed its own motion to dismiss for lack of subject matter jurisdiction. On July 30, 2021, Ms. Malchow filed a supplement to her motion to dismiss. On the same day, Appellant responded in opposition to Allstate's motion. . . .

*Arnold v. Malchow*, No. M2021-00695-COA-R3-CV, 2022 WL 774925, at *1-2 (Tenn. Ct. App. Mar. 15, 2022).

With regard to Mr. Arnold's attempt in *Arnold I* to reverse the dismissal of Ms. Malchow's insurers Progressive and Mount Laurel, the *Arnold I* Court concluded that the trial court properly designated the order as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure and that Mr. Arnold had failed to timely file a notice of appeal of their dismissal. *Id*. at *4. Accordingly, this court was without subject matter jurisdiction as to these claims and the dismissals of Progressive and Mountain Laurel remained in effect with prejudice. *Id*. As for the claims against Ms. Malchow and Allstate, the *Arnold I* Court determined that there was not as of yet a final order and accordingly that this court was without subject matter. *Id*. at *3.

After the remand from *Arnold I*, Ms. Malchow moved for summary judgment on November 16, 2021, which the trial court granted by an order entered June 30, 2022. *Arnold v. Malchow*, No. M2022-00907-COA-R3-CV, 2023 WL 5097179, at *3 (Tenn. Ct. App. Aug. 9, 2023) *perm. app. filed* (Sept. 6, 2023). The trial court concluded that Mr. Arnold had presented no facts that would allow a rational jury to find that Ms. Malchow negligently caused the accident or medical testimony related to causation of his injuries. *Id*. Mr. Arnold appealed the grant of summary judgment to Ms. Malchow. *Id*. In the wake of the grant of summary judgment to Ms. Malchow, Allstate moved to dismiss based upon the underlying lack of liability of potentially uninsured motorist Ms. Malchow. *Id*. Discussing the trial court's response, this court in *Arnold II* observed the following:

On September 16, 2022, the trial court entered an order granting Allstate's motion to dismiss, stating in pertinent part:

At the hearing on Allstate's Motion to Dismiss, Mr. Arnold stated Allstate was seeking to dismiss "any and all claims against Allstate Insurance Company, including collision." Mr. Arnold went on to say this case "was never an underinsured motorist claim" and was a contract dispute for

- 4 -

collision coverage against Allstate. Mr. Arnold claims Allstate made him three offers for his vehicle, including a final offer for approximately $14,400. He refused these offers based on belief that the offers were not reasonable, rendering his policy "null and void." He maintains this is a contract dispute with the issue of the vehicle's value to be determined by the jury.

However, this Court finds that Mr. Arnold never filed suit against Allstate for the collision coverage. Though Mr. Arnold may understandably wish to resolve the dispute over the value of his vehicle with Allstate, the only cognizable claims against Allstate in his Complaint were for uninsured/underinsured motorist coverage.

The claims ple[]d against Allstate . . . are against it as uninsured/un[der]insured motorist carrier. Because this Court granted summary judgment in favor of Defendant Malchow, there is no "uninsured motorist," thus Defendant submits the claims against Allstate as uninsured motorist carrier must be dismissed.

*Id*. at *4. Having considered the parties' arguments, the trial court dismissed Mr. Arnold's claims against Allstate. *Id*.

Mr. Arnold appealed. He raised eighteen issues on appeal including challenges to the trial court's grant of summary judgment to Ms. Malchow and challenges to the dismissals of various claims against Allstate. *Id*. at *5-6.

With regard to Mr. Arnold's negligence claim against Ms. Malchow, the *Arnold II* Court determined that genuine disputes of material fact existed and that the trial court had erred by granting summary judgment to Ms. Malchow. *Id*. at *12-13. With regard to Mr. Arnold's claims against Allstate, the *Arnold II* Court noted that "[i]n his original complaint filed against Allstate, Mr. Arnold stated manifold causes of action including negligent operation of a motor vehicle by an uninsured/underinsured motorist ('UM claim'), breach of insurance contract, contractual breach of the implied covenant of good faith and fair dealing, and tortious breach of the implied covenant of good faith and fair dealing." *Id*. at *13. This court further observed that the trial court had dismissed the claims against Allstate at two different times, with all of the claims other than the uninsured motorist claim being dismissed in a non-final order in 2021 and the uninsured motorist claim being dismissed in 2022 in connection with the grant of summary judgment to Ms. Malchow. *Id*. This court considered the substance of Mr. Arnold's claim of bad faith in connection with Tennessee Code Annotated § 56-7-105, finding on the merits that the trial court properly dismissed this claim. *Id*. at *14. Other than his uninsured motorist claim, this court

concluded that Mr. Arnold's manner of handling his appellate briefing had resulted in waiver of his other claims against Allstate. *Id.* at \*15. As to the uninsured motorist claim against Allstate, the *Arnold II* Court determined that because the dismissal was based upon the grant of summary judgment to Ms. Malchow, such grant had been in error and that the trial court's dismissal of his uninsured motorist claim against Allstate also must be vacated. *Id*. at \*16. This court also addressed a myriad of other issues related to protective orders and various rulings made by the trial court, affirming the trial court's decisions on these matters. *Id*. at \*16-22. On September 5, 2023, Mr. Arnold filed a Rule 11 application seeking permission to appeal this court's decision in *Arnold II* to the Tennessee Supreme Court.

On October 17, 2022, while *Arnold II* was pending before this court, Mr. Arnold filed another action against Allstate. Though Mr. Arnold's second complaint against Allstate initiated a new lawsuit, it included substantially the same allegations as the first complaint. Specifically, Mr. Arnold raised three causes of action against his insurer that bear a remarkable resemblance to the claims in his first lawsuit against Allstate: a "Breach of Contract Insurance Contract" claim, a "Contractual Breach by Insurance Company of the Implied Covenant of Good Faith Dealing" claim, and a "Tortious Breach by Insurance Companies of the Implied Covenant of Good Faith Dealing" claim.[3] Mr. Arnold acknowledges in his second complaint that his "claim[s] against the Defendant Allstate Insurance Company [are] related . . . to Edward Arnold v. Deborah Malchow, Progressive Direct Auto, Mountain Laurel Assurance Company . . . filed December 27, 2019." In response to this second suit, Allstate sought dismissal or summary judgment based upon res judicata or claims preclusion.

On April 10, 2023, prior to this court's August 9, 2023 decision in *Arnold II*, the trial court granted Allstate's motion. The trial court ruled as follows:

> The Court finds that the facts and circumstances surrounding [Mr. Arnold's second case filed against [Allstate] arise[] out of the same incident relating to which [Mr. Arnold's first case filed against Allstate] was filed by the same Plaintiff against the same Defendant, and that all claims asserts in [the second case] could have been asserted in [the first case], and therefore in accordance with Jackson v. Smith, 387 S.W.3d 486, 491 (Tenn. 2012), the doctrine of res judicata or claims preclusion precludes a second lawsuit asserting a claim involving the same parties and arising out of the same incident . . .

---

[3] Mr. Arnold does include an argument in his second complaint which he styled a "First Cause of Action Against Insurance Company," concerning Allstate's alleged noncompliance "with an order from the Second Circuit Court . . . issued January 17, 2020." It appears that Mr. Arnold mistakenly interpreted one of the trial court's orders to have definitively allowed him to recover against Allstate on his uninsured motorist claim.

Therefore, the trial court dismissed Mr. Arnold's second complaint.

Mr. Arnold appeals the trial court's dismissal of his second suit against Allstate. Mr. Arnold raises twelve issues in his brief on appeal. Most of the issues raised bear no direct relationship and have no impact on the basis of dismissal by the trial court, which was the trial court's conclusion that res judicata or claim preclusion barred his second suit against Allstate. In response, Allstate maintains that the trial court properly concluded that the doctrine of res judicata or claim preclusion bars Mr. Arnold's second suit.

During oral argument, this court expressly questioned both parties regarding the applicability of the prior suit pending doctrine. Following oral argument, neither party sought permission to file any supplemental briefing to further address this matter. Nevertheless, to provide the parties an opportunity to consider and address in writing the applicability of the prior suit pending doctrine, this court entered an order inviting briefing. The order explained that it appeared that Mr. Arnold's second suit against Allstate might not be subject to dismissal under res judicata but instead under the closely related prior suit pending doctrine. The order invited the parties to address the applicability of the prior suit pending doctrine to the circumstances of the present case. In the parties' briefing, Allstate argued that prior suit pending doctrine is applicable while Mr. Arnold insisted that it is not. Mr. Arnold asserts that his claim is different as it relates to property damages rather than personal injuries stemming from the auto accident. On December 19, the Tennessee Supreme Court denied Mr. Arnold application for permission to appeal in *Arnold II*. He sought a recall of the mandate issued by the Tennessee Supreme Court but that request was denied on January 3, 2024.

Having considered the parties initial and supplemental written briefing and oral argument, we conclude that the trial court properly dismissed Mr. Arnold's second suit but mislabeled as res judicata or claim preclusion what instead falls under the prior suit pending doctrine.

## II.

We note that Mr. Arnold is proceeding pro se in this appeal. Pro se litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that pro se litigants often lack any legal training and many are unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering the briefing from a pro se litigant, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), and should consider the substance of the pro se litigant's filing. *Poursaied v. Tennessee Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021). Pro se litigants, however, may not "shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Additionally, "[i]t is not the role of the courts, trial or appellate, to research or construct a

litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility*, 301 S.W.3d 603, 615 (Tenn. 2010). It is imperative that courts remain "mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

As to the standard of review when considering a trial court's dismissal of a suit based upon res judicata, "[a] trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). Similarly, "[t]he applicability of the doctrine of prior suit pending is a question of law, which we review de novo with no presumption of correctness." *Heatley v. Gaither*, No. M2018-01792-COA-R3-CV, 2019 WL 2714378, at *2 (Tenn. Ct. App. June 28, 2019).

III.

Res judicata, which is also sometimes referred to as claim preclusion,[4] "bars a second suit between the same parties . . . on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson*, 387 S.W.3d at 491 (citing *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009)). Res judicata promotes finality in litigation, prevents contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits. *Id.* "Res judicata is an affirmative defense . . . and as such ordinarily must be included in the defendant's answer . . .. In certain circumstances, however, the defense may be raised in a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure." *Regions Bank v. Prager*, 625 S.W.3d 842, 848 (Tenn. 2021) (citations omitted).

To assert a valid defense based on res judicata, "[t]he party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Elvis Presley Enterprises, Inc. v. City of Memphis*, 620 S.W.3d 318, 324 (Tenn. 2021) (quotation omitted)

The prior suit pending doctrine bears a close familial relationship to res judicata. This court has even previously observed that "[i]n order to determine whether res judicata

---

[4] *State v. Thompson*, 285 S.W.3d 840, 848 (Tenn. 2009) (noting that "the doctrine of res judicata" is "also known as claim preclusion").

is applicable in this case, we must also consider the doctrine of prior suit pending." *Collins v. Sams E. Inc.*, No. W2017-00711-COA-R3-CV, 2018 WL 1299857, at *2 (Tenn. Ct. App. Mar. 13, 2018). "The prior suit pending doctrine is derived from the ancient common-law rule prescribing that a person 'shall not be . . . twice vexed for one and the same cause.'" *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 622 (Tenn. 2008) (quoting *Sparry's Case*, (1591) 77 Eng. Rep. 148, 148 (Exch.)). Reflecting on the roots and rationale of the rule, the Tennessee Supreme Court referenced an 1800s commentator who addressing the prior suit pending doctrine observed the following:

> The law abhors multiplicity of actions; and therefore whenever it appears on record, that the plaintiff had sued out two writs against the same defendant for the same thing, the second writ shall abate; for if it were allowed that a man should be twice arrested, or twice attached by his goods for the same thing, by the same reason he might suffer *in infinitum*; . . . if there was a writ in being at the time of suing out the second, it is plain the second was vexatious, and ill *ab initio*.

*Id.* at 622-23 (quoting 1 Matthew Bacon, *A New Abridgement of the Law* 22 (7th ed. London, Strahan 1832)). The four elements to a defense of prior suit pending are as follows: "1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties;[5] 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties." *Id.* at 623.

The closeness of the relationship between res judicata and prior suit pending has been further intertwined through application. For example, in connection with the subject matter, this court has observed that the identical subject matter actually extends to "all issues which are made or might be made concerning the same subject matter" and that "[t]he test of the question of subject matter is whether the judgment in the first suit could be pleaded to the second suit in bar as former adjudication." *Tallent v. Sherrell*, 184 S.W.2d 561, 563 (Tenn. Ct. App. 1944). Accordingly, "to determine whether the same subject matter is involved in both suits, a court must consider whether a judgment in the first suit would bar litigation of an issue in the second suit under *res judicata* principles." *Fid. & Guar. Life Ins. Co. v. Corley*, No. W2002-02633-COA-R9-CV, 2003 WL 23099685, at *4 (Tenn. Ct. App. Dec. 31, 2003).

This court has previously explained that "a judgment is not final and *res judicata* where an appeal is pending." *McBurney v. Aldrich*, 816 S.W.2d 30, 34 (Tenn. Ct. App.

---

[5] In setting forth the elements for applicability of the prior suit pending doctrine, the Tennessee Supreme Court included a footnote that expressly noted that "we have held previously that the doctrine of prior suit pending may also be applicable when a party in a subsequent lawsuit is the privy of a party in the former lawsuit." *West*, 256 S.W.3d at 623 n.4 (citing *Fultz v. Fultz*, 175 S.W.2d 315, 316 (Tenn. 1943)).

1991) (citing 50 C.J.S. Judgments § 623, p. 48); *accord Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 913 (Tenn. 2000) ("Because the dismissal was appealed to this Court, the final disposition of this issue will not occur until this Court enters its judgment."); *see also In re Charles R.*, No. M2017-02387-COA-R3-PT, 2018 WL 3583307, at *7 (Tenn. Ct. App. July 25, 2018) (noting that "the trial court's findings and conclusions in the dependency and neglect order do not carry a preclusive effect because the judgment was not final; rather it was pending on appeal"); *In re Shyronne D.H.*, No. W2011-00328-COA-R3-PT, 2011 WL 2651097, at *6 (Tenn. Ct. App. July 7, 2011) ("[I]t is an inescapable conclusion that, in Tennessee, a judgment from a case in which an appeal is pending is not final and cannot be *res judicata* until all appellate remedies have been exhausted."). To that end, this court has strived to confirm in prior opinions addressing res judicata whether the underlying judgment was appealed and, if so, what effect that appeal had on the finality of the underlying judgment. *See, e.g., Lien v. Couch*, 993 S.W.2d 53, 55 (Tenn. Ct. App. 1998) ("This judgment became final after the Liens voluntarily dismissed their appeal."); *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990) ("[T]he trial court rendered a final judgment on the merits *from which no appeal was taken*.") (emphasis added).

Here, the trial court's order granting Allstate's motion for summary judgment had not become a final judgment for the purposes of res judicata when Mr. Arnold filed his second suit. Though the trial court entered its order on April 3, 2023, Mr. Arnold timely appealed the order to this court. *Arnold II*, 2023 WL 5097179, at *4-5 (describing Mr. Arnold's appeal). In that appeal, this court vacated the trial court's grant of summary judgment to Ms. Malchow and the dismissal of Mr. Arnold's uninsured motorist claim against Allstate while affirming the dismissal of Mr. Arnold's other claims against Allstate. Mr. Arnold filed an application for permission to appeal to the Tennessee Supreme Court, which was still pending until being denied on December 19, 2023. In other words, on April 10, 2023 when the trial court issued its decision dismissing Mr. Arnold's second suit against Allstate there was not a final judgment for purposes of res judicata. Accordingly, we cannot conclude that Allstate had successfully demonstrated all of the elements needed to support a dismissal on the basis of res judicata in April 2023.

However, Mr. Arnold's res judicata arguments, which are conclusory and unsupported, and the record on appeal provide no basis to indicate that any other element of res judicata is absent in this case. To the contrary, the record supports the trial court's conclusion that all of the other elements of res judicata are satisfied. This renders the trial court's error in dismissing Mr. Arnold's suit as one of labeling, not of result.[6] As noted by one commentator in a reflection on the prior suit pending doctrine in Tennessee, "[a]ll other things being equal, prior suit pending bars any action during the pendency of an earlier

---

[6] Any error is also a matter of timing. While the trial court erred in dismissing Mr. Arnold's second lawsuit on the basis of res judicata on April 10, 2023, we note that the dismissal of some of his claims have since become final for purposes of res judicata.

action if res judicata would operate to bar it had the earlier action already been reduced to judgment"[7] and become final. Simply stated, what made res judicata inapplicable in this case, lack of finality, is what made the prior suit pending doctrine applicable.

In addressing the prior suit pending doctrine in his supplemental briefing, Mr. Arnold contends that the claims are different in his first and second suits against Allstate because they relate to property damage rather than personal injuries stemming from the accident. Even if we were to accept his argument, which does not appear to be fully supported by the record, the trial court expressly concluded that Mr. Arnold failed to raise any claims in the second suit against Allstate that could not have been brought in the first action. Mr. Arnold has failed to demonstrate any error in this conclusion nor does the record reflect any error by the trial court in reaching this determination. Accordingly, though the trial court mislabeled the basis for dismissal, we find that its findings and ruling supported dismissal under the prior suit pending doctrine.

IV.

In considering the arguments advanced on appeal and for the reasons discussed above, we affirm judgment of the trial court dismissing the case. The costs of the appeal are taxed to the appellant, Edward Ronny Arnold, for which execution may issue if necessary. The case is remanded for such further proceedings as may be necessary and consistent with this opinion.

_____
JEFFREY USMAN, JUDGE

---

[7] Paul J. Krog, *One Bite at A Time Analyzing the Prior-Suit-Pending Doctrine in Tennessee*, Tenn. B.J., June 2012, at 14, 16.